(July 18, 1978)

■ RAMON RODRIGUEZ et al., Plaintiffs, and FELIPE ACEVEDO, Respondent, v TRACKLESS TRANSIT, INC., Appellant. ALVIN BAYLOR, Defendant and Third-Party Plaintiff. RELIABLE COACH Co., Third-Party Defendant-Appellant, and "JOHN" FETIVO, Third-Party Defendant.—Order, Supreme Court, New York County, entered September 21, 1977, unanimously modified, in the exercise of discretion, to affirm that portion thereof only which restored this action to the calendar after dismissal (rules of Supreme Court, New York & Bronx Counties, 22 NYCRR 660.6), and otherwise to deny the motion of plaintiff-respondent Acevedo as to all other relief prayed for in the notice of motion dated May 19, 1977, without costs and without disbursements. As at the time the application here reviewed came before Special Term in September, 1977, the posture of this case was as follows: In 1969, plaintiff-respondent Acevedo, a passenger on a bus which had been in a 1967 collision with an auto owned by defendant and third-party plaintiff Baylor, sued Baylor in Civil Court; all plaintiffs except Acevedo settled their cases. In 1970, plaintiff-respondent Acevedo also sued defendant-appellant Trackless Transit, Inc., in Supreme Court, claiming that corporation to have been the owner of the bus. In 1973 plaintiff Acevedo moved to consolidate his two actions; the late Justice Massi granted the motion, the then pleadings to stand as those in the consolidated action. In 1974, plaintiff-respondent Acevedo moved to increase the *ad damnum* clause, based on a medical affidavit, and to remove the action against Baylor to Supreme Court, completely ignoring the outstanding order of consolidation which had not been appealed. Justice Massi denied the motion to increase unconditionally and, apparently *sub silentio* recognizing his earlier order of consolidation, did nothing about the removal motion. Again, no appeal was taken. Meanwhile, defendant Baylor commenced a third-party action against third-party defendant-appellant Reliable Coach Co., claiming that the latter owned the bus, and also brought in its driver Fetivo as an additional third-party defendant. In 1975, plaintiff's case was automatically dismissed for lack of prosecution. In 1976, he applied again to remove from Civil Court to Supreme Court and to increase the *ad damnum*. Ignoring both the dismissal and the earlier consolidation, as well as the unconditional denial of the prior motion to amend the *ad damnum,* Justice Sutton denied this relief, but without prejudice to renewal on proper papers. In 1977, plaintiff-respondent Acevedo again moved for the same relief on virtually identical papers, except for a medical affidavit by the same physician featured in the earlier application, adding requests to amend the complaint and bill of particulars, and, now recognizing the dismissal, to restore the case to the calendar. The application was granted. It should not have been. Tracking back through this duplicative and unnecessary procedural muddle, it is found that Justice Massi's 1974 order unconditionally denying the increase in *ad damnum*

remained in full force and effect, never having been appealed, and not subject to review in 1976 by a court of co-ordinate jurisdiction. This circumstance removes the underpinning of the order now on appeal as to that factor. And this is not to mention that the order granting leave to renew was made in respect of a technically nonexistent case which had been dismissed and as to which there was then no outstanding application to restore. Added to all of which, the observation must be made that all this relief was sought most belatedly in a case concerning a 10-year-old accident, suit on which had been ongoing for upwards of seven years. Indeed, we are impelled to allow the action to survive by affirmance of restoration to the calendar only by the fact that appellants have been no less dilatory than the respondent. Concur—Murphy, P. J., Silverman, Evans, Lane and Markewich, JJ.